We are prepared to hear argument in Stout v. Preston County Sheriff's Department. Mr. Birch? Good morning, Your Honor. It may please the court, my name is Thomas Birch from the University of Georgia. On behalf of Donald Stout, I have two students today who will be presenting our case. Benjamin Price and Maddie Hoss. Ms. Hoss will present the opening argument, so I'll turn it over to her. Thank you, Your Honors. All right, we're pleased to have you here. I'm also excited to be here. Thank you, Your Honors, and may it please the court. My name is Madeline Hoss, and I, along with my co-counsel, Mr. Benjamin Price, represent the appellant in this case, Mr. Donald Stout. When Mr. Stout was 68 years old, lying face down on the ground and alleged that he was not resisting with one hand cuffed, he was attacked by a canine at the command of Deputy Stockett. The district court dismissed his excessive force claim and this court to reverse for three reasons. First, Mr. Stout's objections to the magistrate's report and recommendation were sufficiently specific to warrant a novel review because they pointed the district court to the issues to which he objected. Second, Mr. Stout's complaint stated a plausible excessive force claim. And third, the district court abused its discretion when it failed to appoint Mr. Stout counsel before dismissing his claim. I have some questions here about the way in which this case was litigated. How did a dog get to be a defendant in the case when 1983 talks about persons? I mean, this is just one out of it. I don't think I've ever heard a lot of cases, and I've never once heard a dog being listed as a defendant. That just struck me as bizarre. It is, to be fair, Your Honor. To be fair to Mr. Stout, he was in fact harmed by the canine in this case, and he is not well versed in the law. I'm not contending that the trial court of the magistrate judge made an error in dismissing the dog. No, Your Honor, we are not. What about the Preston County Sheriff's Office, too, because that's not a person. Correct, Your Honor. No, we do not. In the district court's response, or rather the magistrate judge's report and recommendation, we don't argue with the dismissal of certain defendants from this litigation. We regard it as a pretty important step that when you're dealing with, if you want review of a magistrate's decision, you have to raise an objection to the district court, and it has to be a certain clarity. And that's an important step in our review process. Was it really observed here? Yes, Your Honor. In Mr. Stout's objections, he met the requisite level of specificity that this court requires. But you can't just say, I object. You have to say why. Correct. You must say more than I object in order for an objection to meet the level of specificity that this court requires, and Mr. Stout did so. Specifically, in his seventh objection, he objected directly to the magistrate judge's finding that once Mr. Stout had both of his hands cuffed, the canine attack ended. And he stated that instead, once he had both of his hands cuffed, the canine was initially pulled off of him, but that it was able to run back in and proceed to bite him four to five more times. Then in Mr. Stout's ninth objection, he pointed the district court directly to page 13, lines 10 through 16 of the magistrate's report, where he had cited the definition of a Fourth Amendment seizure. Mr. Stout then used the same definition, applying it to the factual allegations from his complaint, namely that when he was lying face down on the ground, he was bitten by the canine, all to refute the magistrate's finding that Deputy Stockett used proper force during the course of Mr. Stout's arrest. And this meets the level of specificity that this court requires. In Elijah v. Dunbar, a case this court decided just last year, and Martin v. Duffy, this court emphasized the need to construe pro se objections liberally and held that- There's got to be a limit to that principle, too, because the whole idea is to give the district court a very precise idea of what went wrong so that the district court doesn't have to redo the whole case. Let me ask you this. Do you agree that qualified immunity applies in Graham v. Conner cases? Yes, Your Honor. But at the motion to dismiss stage here, all that is- Well, of course, the immunity is only valuable if it's asserted sooner rather than later. And you kind of talked yourself out of a 12 v. 6 argument when you attended the police report. That made it more than a bare-bones pleading. But apart from that, you don't have any qualms with- qualified immunity in Graham v. Conner cases? I'm not particularly- Is there any reason qualified immunity should not apply in a Graham v. Conner case? Not that I'm personally aware of with regards to how it applies. So your response would be that qualified immunity does apply? Not necessarily, Your Honor. I think that that's not- Well, either it does or it doesn't, right? I mean, it doesn't mean that it's necessarily meritorious. I'm just asking you in the defense of qualified immunity, the defense is available in a Graham v. Conner action, is it not? Like I stated earlier, I'm not entirely clear on it. Well, I mean, do you have any reason why the qualified immunity defense would not apply in a Graham v. Conner? Not that I'm- Okay, so we'll assume that it applies. Then, if that's the case, how could it have- The heart of qualified immunity is notice. And how could the officers be on notice that there was clearly established law prohibiting this utilization of a dog in the face of a suspect's repeated noncompliance with request after request after request? And not only was he noncompliant in a variety of ways, but he was warned that the dog might be used if he didn't comply. Now, what would have put on the principles of qualified immunity? How can it be clearly established law that put the officer on notice here that it was impermissible to use the dog in the face of repeated instances of noncompliance with someone who's serving an arrest warrant for child sexual abuse and the rest? He's out, isn't he? I mean, what would have put the officers on notice? Because it has to be a violation of clearly established law for qualified immunity not to apply. And you agree with me that it does apply. And if it does, what would possibly have put the officers on notice that this was impermissible? Yes, Your Honor. A couple of points that I'd like to respond to. First, that this is clearly established law in the circuit that the use of a canine can be objectively unreasonable. What case do you have from the Supreme Court or from the Fourth Circuit or from the state Supreme Court? Those are our sources to determine whether something's clearly established. What case can you cite me? There are two, Your Honor. The first being Vatican v. Prince George County and the second being Copp v. Wing, both cases which were decided more than 25 years ago. And then to answer another point that you had made previously about the attachment of the call summary report. And what jurisdictions were they from? They were from this circuit, Your Honor. Did either of those involve a series of none where the individual refused to come out of the cabin, to drop to the ground, to put hands behind the back? No, they do deal with specifically the improper use of canines during the course of an arrest. And that does violate the Fourth Amendment. They wouldn't be on point, would they? They would, and I would take issue with the characterization of Mr. Stout's arrest, or rather Mr. Stout during his arrest being one where he was resisting. In his complaint, and that comes from Joint Appendix page 15, he states that he was not resisting. And it is true that he did append the call summary report to his complaint. However, the Exhibit Prevails rule should not apply to that motion to supplement his complaint because he stated the reason, the purpose. I'm not all that, I mean, I recognize the danger of dogs. I'm very fond of dogs, but not in a situation like this. They can get out of control. But this one seems to have been a relatively minimal thing because the dog bite was released upon compliance and there were warnings and the rest. But again, there's this idea of notice. The state has to provide notice when it's doing certain things, but also the officers are sometimes entitled to notice. The whole concept of notice is a two-edged thing. And I'm wondering how they could possibly have learned that this minimal use of the animal in the face of repeated noncompliance of an individual who they had reason to believe might be dangerous because of the offenses for which the arrest warrant was being served. How can he have known that this would be some kind of constitutional violation? Well, Your Honor, again, Mr. Stout alleges that he was not resisting during his arrest and when he stepped out of his camper, he was not seeking to evade arrest. He stepped out with his hands on his head. And then almost at the exact moment that he stepped out, the U.S. Marshal placed him on the ground to be arrested. He had one hand cuffed when the canine attacked. And so that's not a situation in which it seems like there is resistance. Ms. House, let me ask you a question. You have asked, you're here before us, and I believe your position is that the district court erred as to the R&R and reviewing it for plain error instead of de novo. I'd be interested to hear what you have to say regarding that. And I know Judge Wilkinson has asked you some questions regarding the specificity requirement, but I would like to hear your argument regarding the de novo, because the district court reviewed this for plain error and not de novo. Is that correct? That is correct, Your Honor. Okay. I'd be glad to hear from you on that issue. Yes, and that was incorrect to review for clear error where Mr. Stout's objections were sufficiently specific. He quoted page numbers, line numbers, and specific findings by the magistrate judge in his objections. And in previous cases that this circuit has decided, plaintiffs have been found to have sufficiently specific objections for doing less than what Mr. Stout did. And even on clear error, the district court was incorrect to dismiss Mr. Stout's excessive force claim because the magistrate judge in recommending dismissal of his claim analyzed it under the 14th Amendment's wanton and unnecessary pain and suffering standard when this court has held repeatedly that the proper constitutional standard is the Fourth Amendment's objective reasonableness standard. And I see that I'm over time, so for all of these reasons, we ask this court... Oh, you're never out of time if the court has further questions. Thank you. Thank you. We ask this court... Hold on a minute. Okay. I'm going to ask my fine colleagues if they have further questions. Judge Niemeyer? I may have some rebuttal, but we'll see. What? I may un-rebuttal. Judge Benjamin? Yes, sir. All right. Thank you very much. I always enjoy it when student counsel come and I think you've made a fine argument. Thank you very much. All right. Mr. Zurbich? Good morning. May it please the court. My name is Jeff Zurbich. I represent Deputy Stockett, who is the Preston County, West Virginia deputy who was involved in the apprehension of Donald Stout on July 1st, 2019. That was about four months after he'd been indicted on four counts, felony counts, in Preston County Circuit Court on serious offenses involving sexual abuse or sexual assault of a minor child. I wanted to address briefly, initially, the idea about the objections to the report and recommendation, Your Honors. Donald Stout, after the magistrate's report and recommendation was issued, listed nine separate objections that he was purportedly making to the report. Only really what amounts to one objection even arguably relates to an objection to a finding or a recommendation of the magistrate. I might expand that. Focus on objections seven and nine. Your Honor, that's exactly what I was going to do. Because both of those objections do seem to focus on the issues before us. I don't know much more what he would have said. He claimed it was excessive force. He focused on the district court's error. He went at some length in explaining his objections. I'm looking at 110. It goes down almost a whole page. And that's objection seven. And he talks about a deliberative difference in excessive force. And he talked about how his version of the facts was different from what the district court did, found. And he objected to that. And then the next page, on seven, he spent, again, most of the page talking about his objections. And he directed specifically to line and verse in the opinion. I don't know much more what you would want to say. It seems to me he's going to the heart of his claim and saying he disagrees with the judge and objects and wants the district court to review those portions. In objection seven and nine, Mr. Stout referred to one particular part of his claim, one factual finding, Your Honor. And that was the finding about what supposedly happened, according to Mr. Stout, after his initial apprehension and after the cuffs were on him. There was an assertion that after that occurred, while he- That's the core of the thing. Where did the dog attack? His suggestion is that the dog continued attacking him after he was secure. And then he says this. He says, it bit me four or five times after first dropped me to the ground. And this reason, the attack violated Eighth Amendment claims of deliberate indifference and excessive force, 14th Amendment due process violations. Your plaintiff is now a 72-year-old man at this time of his constitutional rights violations. He was 68 years old. Now, it seems to me that is an objection to the very core of his claim. He's saying it was excessive force. He may have the wrong standard or not, but that's his objection. Excessive force, deliberate indifference, or violation of the Eighth Amendment. Well, it's clearly- Surely it's not Eighth Amendment, but there are arguments being made about Fourth Amendment, 14th Amendment. But he makes those. And then in the next page, he does the same thing. What did you want him to say? Your Honor, the point I want to make is he did make those references to one finding in the magistrate's report and recommendation. However- The whole conclusion, the whole conclusion, the court dismissed for failure to state a claim. And that's what he's objecting to. He's not objecting to the dismissal of the dog. Well, he might. But he's objecting to the 12B6 dismissal. He's objecting to one factual finding, Your Honor. That the attack continued to occur after he was apprehended. My point is- That's the whole basis of his claim, isn't it? No, Your Honor. His claim in the first instance is that the dog should not have been used to apprehend Mr. Stout in the first place. And my point on that is it was certainly objectively reasonable. So he didn't object to that. Let's concede. Let's concede. What he objects to is the dog kept attacking him after he was secured. And the question then, that's the only factual question that he really argues even on appeal. It's not, Your Honor, a legitimate factual question based upon the allegations of the complaint. What about the allegation of excessive force? That's what he's complaining about. Excessive force that he's on the ground and they put the dog on him. And that's his objections in 7 and 9. 7 and 9 relate to what happened after he was cuffed. After he was restrained, Your Honor. Not what happened before. Well, the court- There was no- Shouldn't the court have addressed that? The court- In 7 and 9? 7 and 9. If the court did, perhaps. But if the court had, it would have been harmless error in hearing. I would like to say why. That's the argument you maybe have to make. And I don't know if that applies. But the court applied, said he did not make objections that he could address. And he did not address it de novo. If the court addressed it de novo, there may have been other arguments to be made. I don't know. But it seems to me, to second-guess that for us, it may end up in the same place. But it seems to me there are two objections that weren't addressed. And they were pretty particular. Well, in this court's de novo review of this district court's grant of the motion to dismiss, Your Honor, what needs to be kept in mind is there is another part of Mr. Stout's complaint that disposes of this whole issue. In Exhibit 1 to the complaint, Attachment 1 to the complaint in joint appendix- I understand that argument. You're going to the merits. And the question that he raises, his very first question on appeal, is that the court applied the wrong standard. And the court applied a clear error standard. And it should have applied de novo if he made objections. The court said he didn't make objections. My only question in the view is aren't these two objections necessary to be addressed by the court de novo? The court should have addressed these de novo. These two objections, which are basically the same, Your Honor. But what I'm saying is on the allegations of the complaint, you look at joint appendix page 160- But you're arguing what the district court should have done. Well, I'm arguing- Why should we review objections in the first instance? I'm not asking you to review objections. I'm asking you to review the merits of this case. And it's easy to- I know, but we can't review the merits when we're reviewing a district court order. The district court's order was basically saying I don't find clear error. Isn't that what the court said? That's correct, Your Honor. On joint appendix page 160, the first attachment to the complaint that Mr. Stout had- And it was considered part- Is a progress ER note from the day that he was taken into custody. That reflects that he had two wounds. Two small wounds that were repaired by a total of four sutures. Two each. What's important about that, Your Honor? You're probably right. But you're arguing what the court should have addressed. Well, what he did not allege, and this was three pages later in the same attachment, Your Honor. He did not allege that he was bit four or five times. This is page 163 of the appendix. What he alleged was that the dog ran out and bit my leg again, leaving puncture wounds and abrasions on my leg. But two pages earlier- I'm sorry. One page earlier, page 162 of the joint appendix, he asserted that the dog the first time when he was apprehended, not after he was restrained but before he was restrained, Your Honor, he had wounds from that. Well, if he had wounds initially, how did he not have more than two small puncture wounds if the dog had attacked him four or five times after he was apprehended, Your Honor? This is part of the complaint. I know. It's a good argument. We don't have to disregard that, and it's easy for this court to affirm with the court what the judge did because it's obvious that Mr. Stout was not attacked by O'Kan any times after he was restrained because the medical record that is part of his complaint proves that. And in terms of the- Well, how did you want us to handle the problem that the court did not review at De Novo? It's funny. The question is a magistrate judge has no role in this case unless he's within the confines of what is being done. What we're reviewing is a district court order, and that's all we could review in this case. And the district court said that they did not review at De Novo, which was the instruction that was given. Your Honor, the objection regarding numbers seven and nine was obviously inaccurate. It didn't accurately refer even back to his complaint because it misstated what his complaint said. It referred to the magistrate's order. Right. He's objecting to the magistrate's order, and you keep wanting to argue the merits, and your arguments are very persuasive, I can tell you. It seems to me that those arguments are very persuasive. My only difficulty, and you're not addressing it, my only difficulty is how do we handle a situation where the district court did not apply the correct standard of review? As this court has done on prior occasions, cited in my argument in the brief, and I'm sorry, I apologize, I don't have the name of the case. Let's assume that the objections were adequate. I know you don't think they are, but let's assume that they were. And then let's assume that there was not a de novo review. Is there any way for us to reach the merits in your judgment? I mean, affirming the district court on an alternate ground or whatever? I mean, I'm just interested in hearing. I know you don't agree about the objections, but I would like to know how we would reach the merits in your view. How do we get to the merits if the district court declined to review, should have reviewed a de novo? What I would like to... How do we get to the merits? Well, first of all, I'll refer the court to the case I cited in my brief, where on a previous occasion in the same situation where the failure of the district court judge to proceed with de novo review was determined to be harmless error, and this court went ahead and ruled... Why isn't it jurisdictional? The reason I say that is we don't have direct review from the magistrate judge. We only have review of the district court, and the district court didn't reach the issue on a de novo review. Well, if that's the case, Your Honor, then it's... I'm asking. I don't know. Yeah, I don't think it is because in that case that I'm referring to, and I'm sorry I don't have it at the tip of my tongue, it was considered harmless error, and the court went ahead and affirmed the motion to dismiss Grant anyway. Here's another point. Mr. Stout's claiming basically two things in this excessive force part of his claim. First, he's saying it was wrong to apprehend him in the first instance. Plainly, this court can affirm that. That was not objected to in the district court. Except you keep insisting on what... You know, your arguments about everything, about what he can complain, are persuasive. But the question is, do we get to assess that when the court has not reviewed it yet? That part that I just described, Your Honor, was not objected to. So, yes, you can look at that. He did not object to the finding of the magistrate that that was a reasonable apprehension conducted by Deputy Stockett. So, obviously, this court has jurisdiction over that. I think it also... That has not been presented to us. What's been presented to us is that dismissal 12B6 of the excessive force claim under either Fourth Amendment or the 14th. But that was part of his claim was the initial apprehension of Mr. Stout. So, yes, that's part of what... That doesn't advance the ball. Yes, it does. We still have to address the objections, don't we? Yes, but we don't have to be completely stuck on the objections because it can be considered clear error for the reason I mentioned. And it's obvious, Your Honor, from the record, from Clay's own complaint, the medical record, that the dog did not attack him multiple times. We don't have to pretend that that fact does not exist. The district court did not make that analysis yet, right? It's unnecessary for them to go back and make that obvious analysis. It's obviously necessary for them to make an analysis, de novo analysis of the complaint. This court... And maybe you're right that part of it wasn't objected to and part of it was objected to. We do agree that you have to do this on issue-by-issue basis. But there are at least the objections in 7 and 9, however you construe them, that have to be addressed. And those are the objections they're presenting on appeal. And we don't have a district court review of that yet. Your Honor, they're also claiming, I believe, that my client, Deputy Stockett, was not acting reasonably under the circumstances. What's likely to happen is we're going to be... We'll send it back. The great probability is that the district court will end up affirming the magistrate judge. The magistrate judge wrote a very thorough opinion here. It was very well done. District court will probably reject the objections, affirm what the magistrate judge done. Then we'll have another appeal. We'll go through all this time and we'll be right back. You or somebody else will be right back before us and we'll be going over the merits. So it's an inefficient kind of... It's sort of an inefficient kind of thing. And the question is, do concerns of efficiency override... In our own review, do concerns of efficiency override the need for the district judge to have reviewed in the first instance a de novo... Undertaken a de novo review. And it... It's... We're going to jump through hoops. We're going to end up in the same place discussing the merits one way or another up here. But, you know, on the other hand, you can affirm the district court on any ground that's apparent from the record. Is that principle at play here or is the principle of assuring de novo review of objections validly made so important that our hands are tied? That's what I want you to do. I'd be happy to try. It's really inefficient. It's a yo-yo, you know, up and down. It's a yo-yo case. I can see this case proceeding that way. I hope it doesn't, Your Honor, because it's unnecessary. It is plainly evident on the record, as I've described, when you take into account that medical record, that the dog did not attack him multiple times. Well, let me ask you, because Judge Newman, I asked you this earlier, but how do we... This whole jurisdiction, and I'm curious as to what your response is because I'm not sure if we got one earlier, is we can't review what the magistrate... We're reviewing the district court judge. We... And so if the district court did not review de novo, how are we to review what the district court did? Because it appears on the record this is a de novo review of Mr. Stout's complaint and his complaint on its own with the application of the exhibits prevails rule. But the district court didn't review it de novo. But this court is, and it can look at the record as a whole and determine that the... If the district court judge should have reviewed for plain error, that was... Well, I think earlier you said he should have reviewed it de novo. I'm not going to back away from that, but if that's correct, if I'm correct about that, and I may or may not be, but if I am, then this court is not bound by that. It can say that that was harmless error and proceed and decide this case on the record. It's totally unnecessary for the inefficiency of going back to the district court and then coming back here and, well, we jumped through the right hoops and now we can affirm. I think you can do it right now. Well, where do you... What case do you draw on to say that this is not jurisdictional? Because I think that's what's concerning people. Is this... Was this a jurisdictional error? Should we regard this as a jurisdictional error or is it a prudential matter? I think it's a matter that under these circumstances you can disregard because it was... Because you can... But are we entitled to say that we have the full record before us and the case is ripe for decision because we have the full record of the case, we can undertake our own de novo review? This is an evaluation of the merits of Mr. Stout's complaint, including the various exhibits attached to the complaint, and this court is able, in its de novo review, to consider it completely. And if... We can do everything. Your view is that we can do everything that the district court should have done. Yeah, and I refer... I see I'm out of time. May I complete my train of thought? Yeah. Well... I'll just ask the court to affirm the district court judge. It's evident, based upon the complaint, that the district court was correct in dismissing it, even if on those... All right, but just tell me very briefly where in the case law is the statement that the standard of review employed by the district court of a magistrate's order is... deprives the appellate court, or does not deprive the appellate court of jurisdiction? How does... Just give me a case where the appellate court treats the absence of de novo review at the district court level either as jurisdictional or not. I don't know whether this particular case spoke of it in those terms, but there is the case I referred to... I want to know how we characterize it. I don't... I don't know that this particular case looked at it or mentioned it in terms of jurisdiction, but it did describe what happened in the district court as harmless error, and that, I think, would apply here, Your Honor. What's the name of that case? I don't have it in my... I don't have it in the tip of my tongue, Your Honor. You have it on your notes there? It's in my brief. Can you grab your brief and just give me the reference? Yes, Your Honor. That's all right. Look, we're not going to sit here waiting for you to find out. We appreciate your argument, and I would have thought you would have prepared yourself on the question of whether there's a jurisdictional bar in the event that the standard of review was incorrectly applied. I don't know why you weren't prepared to answer that point. It would seem to be very relevant. Well, I was prepared for it in the sense that I did cite the case that I mentioned, Your Honor, as for the proposition that this circuit court could treat that as harmless error, so that's my best response. Thank you, Your Honor. Mr. Price, be pleased to hear from you. So here we are faced with the significant possibility or probability that this thing could go back down to the district court. The district court could then apply the novo standard. The district court would end up affirming the magistrate, and the magistrate's opinion here is quite thorough and persuasive and good. And then it comes right back up, and after all this delay and the rest, we find ourselves exactly where we are today, a year later. And so the question is, we may have to find ourselves in that situation if this is a jurisdictional bar. And if it's not a jurisdictional bar, we don't have to jump through the hoop. So where do you find the characterization of a failure of de novo review in the prior case law? Your Honor, in Elijah v. Dunbar, this court remanded a similar case based on sufficiency of the objections of a pro se plaintiff. There, the plaintiff's objections largely restated the subject matter of his complaint, but this court demanded that he have de novo review. And I'm not familiar with the case that opposing counsel was unable to find, but this case of a jurisdictional bar was not raised by them in their brief. But hasn't the Supreme Court been a little bit skittish about expanding the realm of jurisdictional questions? I mean, the question comes up of statutes of limitations, jurisdictional, and the Supreme Court says, no, no, no. So you have to be, the term jurisdictional is, you know, if this is jurisdictional, then we have no power to opine on the merits regardless of how compelling the merits may or may not be, leaving this case to one side. Suppose you have a case that's simply a total slam dunk on the merits, but there's some disagreement about whether the objections were sufficiently clear. And we say, well, they probably were sufficiently clear and there wasn't de novo review applied. And was that, does that require a remand? And we're adding considerably to the length of time it takes a case to be resolved and the parties to be notified as such. Your Honor, the additional length of time here is the result of the district court judge refusing to address this case for de novo review. We haven't actually gone to the merits issues yet because this case arises out of a suit of spontaneity. I think you're talking around the issue that's really troubling me. 28 U.S.C. Section 636 gives the magistrate judge a certain role. And it said, and if it's not given the role to enter final judgments, then it has to go to the court, the district court for review. And it mandates that it be de novo review on objections. My question is, and I think Judge Wilkinson's question is, can we conduct the de novo review or is this a limitation on our jurisdiction? In other words, the court has not yet reviewed the magistrate's order de novo and can we review that? And the question is, do you have any case law that expresses when a district court fails to comply with de novo review, what must we do? I do not have that case law, Your Honor. Let me ask you this then. If you were to agree to all the facts found by the magistrate judge, would the magistrate judge be in a legally sound position to have dismissed the case? No, Your Honor, for three reasons. The magistrate judge applied the wrong constitutional standard, applying the 14th Amendment rather than the 4th Amendment. The magistrate judge construed facts against the plaintiff at the motion-to-dismiss stage. And finally, Your Honor, he applied the wrong standard for excessive force under the precedent set forth by the Supreme Court in Wilkins v. Gaddy. Well, I understand. I don't want to get back into the magistrate judge's report at this point. My point was the court found that there was no clear error on that. And if we were to accept that, the question is, OK, we have a finding there's no clear error. Where does that leave us? That's the only ruling the district court has made so far, that there's no clear error. And I'm not sure where that leaves us. I'm troubled by the statutory mandate that the court conducts a noble review. And if the objections are appropriate in this case, sufficient, the court should have done that, at least as to the objections made. Yes, Your Honor. And the question is the consequences of it. We have the pragmatic considerations and inefficiency situation that Judge Wilkinson has pointed to. And I must say, when we look at the record itself, it's a mighty, mighty thin claim. But there may be issues, as you point out, that must be addressed, despite just the factual findings that the district court made. But you don't have any case law as to what we're supposed to do or what we can do in light of a failure to conduct a noble review. Well, Your Honor, in the case I cited earlier, Elijah v. Dunbar, this court chose to remand the case in a similar circumstance. Well, that's a pretty easy holding because the statute said you have to. But the question is, do we have to always? Is there some idea of harmless error or some other type of review? Can we do it on the initial stead? And my concern is that 636 doesn't give review to us over the magistrate judge. It gives only the district court a review. Your Honor, we have found no case law suggesting that, in the case of clear error, the Fourth Circuit, this court, can choose not to review. Well, of course, it may not be the case that we are faced with a stark choice of jurisdiction or no jurisdiction. One can always remand as a prudential matter and say, you know, we just think it would be useful to have the district court, you know, conduct a de novo review and apply no opinion on the merits. That would avoid, if we regarded and remanded as a prudential matter, if people were upset about the fact that there was no de novo review, they think it might have made a difference. That would at least avoid what I think are the handcuffs of talking, of indicating that something is jurisdictional when the Supreme Court is, I thought certain, our court and other courts have thought certain things were jurisdictional and the court has said no. So why couldn't we set this up as a prudential question rather than a jurisdictional question, which would at least allow us to factor in the efficiency arguments as part of the calculus. We wouldn't be compelling ourselves to review a case if it's a slam dunk case and de novo review at the district court level would not conceivably help. You're arguing for jurisdictional rules and saying, well, there's nothing you can do about it. You got to let the case go on for another year, even if it's totally clear. And so I'm suggesting we might be able to avoid this stark situation that a jurisdictional holding would make if we treated it as prudential. Do you agree with that? Your Honor, ultimately, the plaintiffs here believe that Mr. Stout's constitutional rights were violated. There's no difference here. We all agree that if objections are made that the district judge should conduct under Thomas V. Arnn de novo review. That, you know, if the objections are sufficient, de novo review. The question I still have is whether the absence of that review can never be regarded as some kind of harmless error, no matter how irrelevant or inconsequential the objections might be. I mean, we get things from the, we get appeals from magistrates moving to district courts all the time. If we hold this as jurisdictional, we're building in a year's delay in a great many different cases. That's not, that's the problem. Well, Your Honor, ultimately, if the district court judge has not found that the objections are sufficiently specific, when in fact they were, that's a clear error of the district court that should be reversed for the district courts to handle. I don't think there's no question if it's error. The question is, can we bypass the error saying, but it was harmless. In other words, I'd like you to focus on the procedural problem we're facing and not the substance. Yes, Your Honor. You keep coming back to the substance. I keep denying constitutional rights and the metrics I've heard and doing this and that. The question is, you have made a claim that the court failed to conduct a NOVO review. And the question now is, what is our scope of remedy that we can apply in that circumstance? Yes, Your Honor. Clearly one is to send back. You've argued that. But can we keep it and resolve it? I think given, Your Honor, that this is a case arising out of a motion to dismiss where there have not been findings of the facts and where the district court did not rule on qualified immunity. There's not sufficient information in the record for this court to make that ruling. And so I think the remand would be necessary. But as to the procedure question, I'm not aware of it. Qualified immunity. It was raised by the sheriff, but it was not addressed by the magistrate. And it seems to me that's going to, if nothing else, that's going to be very difficult for you to overcome. Well, Your Honor, we believe we prevail on the qualified immunity standard under coffee wing and Vatican versus Prince George County. Well, all I can say is there's no question here that if the objections were adequate, that an error was committed. But the question that I think, I don't know that we have fully focused on is whether the consequences of the error and whether or not it's jurisdictional. And that's a serious matter. Sometimes procedural matters are more serious than substantive questions. In a particular case, not as far as the individual parties are concerned, but as far as the future development of the law is concerned. And I'm just, I'm always, you know, you always have to sort of think about tomorrow and not just your case, but the case after that, the case after that, and the case after that, and whether we are committing ourselves to remands in cases where the, it's not going to make one little tiny teensy bit of a difference. So anyways, you've all, if you have a quick concluding statement to make, I'd be happy to hear it. Yes, your honor. I want to thank the court for this time and considering this jurisdictional question, I asked the court to look at the policy issues raised in Elijah about the constitutionality of the magistrate courts. Thank you. All right. Thank you both. And I'd like to particularly thank the student council for their arguments. We've thrown some questions at you. You've handled it beautifully. And Mr. Burks, you should be very proud of them. All right. Come on down. Shake hands.
judges: J. Harvie Wilkinson III, Paul V. Niemeyer, DeAndrea Gist Benjamin